# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| ULTRAMAX PRODUCTS LTD.,<br>A United Kingdom Limited Company,<br><br>Plaintiff,<br><br>vs.<br><br>ANTHONY MICHAEL MITCHELL,<br>An individual residing in Nevada,<br><br>Defendant. | 2:18-cv-01862-RCJ-CWH<br><br>**ORDER** |

The Defendant, claiming to be unrepresented,[1] filed two motions contemporaneously: Motion to Quash (ECF No. 14) and Motion to Dismiss (ECF No. 15). In these motions, the Defendant asks this Court to quash service and to dismiss the case pursuant to Federal Rule of Civil Procedure (FRCP) 12(b). Together the motions raise the defenses: (1) lack of subject-matter jurisdiction, (2) lack of personal jurisdiction, (3) improper venue, and (4) insufficient service of process. The Court finds that all of the defenses are meritless and denies the Defendant's motions.

The Plaintiff raises six counts against the Defendant under federal intellectual property law and one count under Nevada law for deceptive trade practices and false advertising. The Defendant did not file anything in this case besides these motions, more than seven weeks after the Plaintiff

---

1 The Plaintiff has provided some evidence that the Defendant is actually being facilitated by counsel from Kenya, which raises serious concerns to this Court that the Defendant is aiding an unlicensed attorney in the unauthorized practice of law and that the Defendant is committing perjury by swearing that he is unrepresented.

submitted an affidavit that service was executed. The failure to file anything for seven weeks after service raises concerns about timeliness. Fed. R. Civ. P. 12(a)(1)(A)(i) (allotting twenty-one days to file an answer). The Court does not presently address timeliness, since the motions raise issues that could void a default judgment were the Court to grant one. Fed. R. Civ. P. 60(b)(4).

## I. LEGAL STANDARD

*Subject-Matter Jurisdiction*

Federal courts are courts of limited subject-matter jurisdiction and only have the power to hear cases under the authority of the Constitution or statute. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). The party asserting that federal jurisdiction is proper bears the burden of proving the presumption against it. *Id.* FRCP 12(b)(1) provides an affirmative defense for lack of subject-matter jurisdiction. When a federal court concludes that it lacks subject-matter jurisdiction, it must dismiss the complaint. Fed. R. Civ. P. 12(h)(3); *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006).

One avenue for a federal court to find subject-matter jurisdiction is federal question jurisdiction. This type of jurisdiction allows a federal court to hear "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "Arising under" requires that the plaintiff's complaint raises federal causes of action—defenses and counterclaims are not relevant. *In re Border Infrastructure Envtl. Litig.*, 915 F.3d 1213, 1222 (9th Cir. 2019) (citing *Louisville & Nashville R. Co. v. Mottley*, 211 U.S. 149, 152 (1908)).

If a Plaintiff raises causes of action under both federal and state law, then the Court may, in its discretion, invoke supplemental jurisdiction over the state law claims under 28 U.S.C. § 1367. In order for supplemental jurisdiction to be proper, the "state and federal claims must derive from a common nucleus of operative fact." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966).

*Personal Jurisdiction*

A defendant may move to dismiss for lack of personal jurisdiction. *See* Fed. R. Civ. P. 12(b)(2). Jurisdiction exists if: (1) provided for by law and (2) the exercise of jurisdiction comports with due process. *See Greenspun v. Del E. Webb Corp.*, 634 F.2d 1204, 1207 (9th Cir. 1980). When no federal statute governs personal jurisdiction, a federal court applies the law of the forum state. *See Boschetto v. Hansing*, 539 F.3d 1011, 1015 (9th Cir. 2008). Where a state has a "long-arm" statute providing its courts' jurisdiction to the fullest extent permitted by the Due Process Clause of the Fourteenth Amendment, as Nevada does, *Southport Lane Equity II, LLC v. Downey*, 177 F. Supp. 3d 1286, 1290 (D. Nev. 2016), a court need only address federal due process standards, *see Boschetto*, 539 F.3d at 1015. Thus, the exercise of personal jurisdiction in Nevada need only comport with the Due Process Clause of the Fourteenth Amendment.

There are two categories of personal jurisdiction: general jurisdiction and specific jurisdiction. In the mid-to-late-Twentieth Century, the federal courts developed a rule that general jurisdiction existed over a defendant in any state with which the defendant had "substantial" or "continuous and systematic" contacts such that the assertion of personal jurisdiction over him would be constitutionally fair even where the claims at issue were unrelated to those contacts. *See Tuazon v. R.J. Reynolds Tobacco Co.*, 433 F.3d 1163, 1171 (9th Cir. 2006).

Even where there is no general jurisdiction over a defendant, specific jurisdiction exists when there are sufficient contacts with the forum state such that the assertion of personal jurisdiction "does not offend 'traditional notions of fair play and substantial justice.'" *Int'l Shoe Co. v. State of Wash., Office of Unemployment Comp. & Placement*, 326 U.S. 310, 316 (1945) (quoting *Milliken v. Meyer*, 311 U.S. 457, 463 (1940)). The Ninth Circuit has developed a three-part test for specific jurisdiction:

///

> (1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;
> (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and
> (3) the exercise of jurisdiction must comport with fair play and substantial justice.

*Boschetto*, 539 F.3d at 1016 (quoting *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004)) (internal quotation marks omitted).

The plaintiff bears the burden on the first two prongs. *Id.* (citations omitted). If the plaintiff establishes both prongs one and two, the defendant must come forward with a "compelling case" that the exercise of jurisdiction would not be reasonable. *Id.* (citations omitted). But if the plaintiff fails at the first step, the jurisdictional inquiry ends, and the case must be dismissed. *Id.* (citations omitted). The third prong is a balancing test between the interests and burdens on the parties. *Menken v. Emm*, 503 F.3d 1050, 1060 (9th Cir.2007).

*Venue*

A defendant may move to dismiss for improper venue. *See* Fed. R. Civ. P. 12(b)(3). Venue is proper in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). Where venue is lacking, a court must dismiss or transfer. *Id.*

*Service of Process*

FRCP 12(b)(5) allows a defendant to challenge the sufficiency of service of process. The federal rules provide that process is proper when by:

///

|  |  |
|---|---|
| 1 |     (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or |
| 2 |  |
|  |     (2) doing any of the following: |
| 3 |     (A) delivering a copy of the summons and of the complaint to the individual personally; |
| 4 |     (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or |
| 5 |     (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process. |

///

Fed. R. Civ. P. 4(e).

## II. ANALYSIS

*Subject-Matter Jurisdiction*

First, the Court finds that federal question subject-matter jurisdiction is proper for the Plaintiff's Counts 1–5 and 7 as they arise under federal laws, and the Court will hear Count 6 under supplemental jurisdiction as all claims have a common nucleus of operative facts. All the counts are based on the Defendant's alleged advertising and sale of products in contravention to the Plaintiff's intellectual property rights. The same alleged conduct gives rise to all of the claims.

*Personal Jurisdiction*

Second, specific personal jurisdiction exists in this case. The Plaintiff has provided in his counsel's sworn affidavit that the Defendant has shipped a product in question to a consumer in Nevada, and the Defendant admitted to having resided in Nevada during much of the time when the Defendant allegedly violated the Plaintiff's proprietary rights. Accordingly, much of the case arises out of activities that the Defendant allegedly committed in Nevada. Lastly, the Defendant argues that the exercise of jurisdiction is not fair because there is not a direct flight to Nevada, but this is not a "compelling case." Thus, there is jurisdiction over the Defendant here.

///

///

*Venue*

Third, the Court holds that it is a proper venue for this action. As stated above, the Defendant has many ties with Nevada related to his suit, so a substantial portion of the events that give rise to this lawsuit occurred in the district. Thus, venue is proper under 28 U.S.C. § 1391(b)(2).

*Service of Process*

Lastly, service of process was sufficient. The Plaintiff filed an action under the Digital Millennium Copyright Act to takedown the allegedly infringing websites. In a sworn answer to that action, the Defendant provided an address to accept service by him or agents at the address. The Plaintiff has provided an affidavit from a process server that the server executed service to the person in charge at the same address (ECF No. 13). Accordingly, process was validly executed pursuant to FRCP 4(e)(2)(C).

**III.  CONCLUSION**

IT IS HEREBY ORDERED that the Defendant's MOTION TO QUASH (ECF No. 14) is DENIED.

IT IS FURTHER ORDERED that the Defendants' MOTION TO DISMISS (ECF No. 15) is DENIED.

IT IS SO ORDERED.

Dated this 2nd day of July, 2019.

_____
ROBERT C. JONES
United States District Judge